**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO.: 8 10 CV 2120 T 33 m A P

CRYSTAL JOHNSON, an individual,

Plaintiff,

v.

SULLIVAN, DUPRE AND ALDOUS, LLC,
a Louisiana limited liability company, d/b/a
"SDA & Associates,"

Defendant.

_____/

## COMPLAINT

Plaintiff, Crystal Johnson, an individual, sues Defendant, Sullivan, Dupre and Aldous,

LLC, a Louisiana limited liability company, doing business as "SDA & Associates," and alleges:

### *INTRODUCTION*

1.     This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly

as the "Federal Fair Debt Collection Practices Act" ("FDCPA").

2.     The FDCPA was enacted by Congress to curtail abusive, deceptive and unfair

debt collection practices by debt collectors which were found by Congress to contribute to

personal bankruptcy, marital instability, loss of jobs and invasions of privacy under 15 U.S.C.

§1692(a).

### *JURISDICTION*

3.     Jurisdiction of this Court arises under 15 U.S.C §1692K and 28 U.S.C.§1337, and

supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

### ALLEGATIONS AS TO PARTIES

4.      At all times material hereto, Plaintiff, Crystal Johnson ("Ms. Johnson") is *sui juris* and a resident of Port Richey, Pasco County, Florida.

5.      Defendant, Sullivan, Dupre and Aldous, LLC ("SDA"), is a Louisiana limited liability company doing business in Hernando County, Florida as "SDA & Associates."

6.      SDA is properly subject to jurisdiction in the State of Florida and venue in this District pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by acts or omissions outside the state.

### FACTUAL ALLEGATIONS

7.      At an unknown time prior to the filing of the instant action, a co-worker of Ms. Johnson by the name of "Tina Pelcher" ("Ms. Pelcher") opened a health club account ("Health Club Account") with "Shapes Health Club" ("Health Club") for her personal and household purposes.

8.      Based on information and belief, at some unknown time in the past, Ms. Pelcher either quit the Health Club or, alternatively, refused to pay any more money to same for her gym membership. In any event, in the fullness of time, the Health Club claimed Ms. Pelcher owed monies to the Health Club for unpaid gym membership fees.

9.      At some unknown time in the past, the Health Club or its assignee retained SDA for purposes of attempting to collect monies purportedly owed under the Health Club Account.

10.      In the course of its collection activities with respect to the Health Club Account, SDA attempted to contact Ms. Pelcher at her place of work in Hernando County, Florida. By information and belief, SDA left a message with the voice mail of Ms. Pelcher or with a

-2-

receptionist at the place of work of Ms. Pelcher.

11.     On August 25, 2010, Ms. Pelcher approached her co-worker, Ms. Johnson, to request that Ms. Johnson let Ms. Pelcher use the cell phone of Ms. Johnson for a personal call. According to Ms. Pelcher, her own cell phone was not working as a result of her not having charged same.

12.     Not thinking twice about the request of her co-worker, Ms. Johnson allowed Ms. Pelcher to use her cell phone to make a telephone call to SDA.

13.     Promptly after completing the telephone call to SDA, Ms. Pelcher returned the cell phone to Ms. Johnson.

14.     On or about August 27, 2010, an employee of SDA telephoned the cell phone of Ms. Johnson while she was at work for the purpose of speaking to Ms. Pelcher.

15.     In response to the request to speak to Ms. Pelcher, Ms. Johnson —not realizing the purpose of the phone call — went to the office location where Ms. Pelcher worked and determined that Ms. Pelcher was not available.

16.     After returning to the telephone call with the employee of SDA, the employee requested that Ms. Johnson inform Ms. Pelcher that the employee was calling concerning a debt owed to Shapes Health Club and requested that Ms. Johnson have Ms. Pelcher return the telephone call.

17.     Upon learning the purpose of the telephone call, Ms. Johnson unequivocally informed the employee not to call Ms. Johnson on her cell phone again.

18.     In response, the employee of SDA informed Ms. Johnson that the employee would continue to call Ms. Johnson until the caller spoke with Ms. Pelcher.

-3-

19.     During the several weeks which followed the initial telephone call from the debt

collector to Ms. Johnson, SDA has repeatedly telephoned Ms. Johnson on her cell phone in an

attempt to collect a debt purportedly owed by Ms. Pelcher.

20.     On each occasion that SDA telephoned Ms. Johnson, Ms. Johnson unequivocally

informed SDA not to call Ms. Johnson.

21.     The telephone calls by SDA occurred at various times of the day, including when

Ms. Johnson was at work. The actions of SDA have placed Ms. Johnson in fear of losing her job

as Ms. Johnson was unable to perform her job duties during the time period required for her to

respond to the incessant and repeated telephone calls from SDA.

### COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1642, ET. SEQ.)

22.     This is an action for violation of the Federal Fair Debt Collection Practices Act,

15 U.S.C. §1642, *et. seq.*.

23.     Ms. Johnson realleges and reaffirms the allegations contained in Paragraphs 1

through 21 above as if set forth hereat in full.

24.     At all times material hereto, Ms. Pelcher was a  "consumer" as said term is

defined under 15 U.S.C. §1692a(3).

25.     At all times material hereto, the Health Club Account was a "debt" as said term is

defined under 15 U.S.C. §1692a(5).

26.     At all times material hereto, SDA was a "debt collector" as said term is defined

under 15 U.S.C. §1692a(6).

27.     As more particularly described above, Defendant has violated the FDCPA in that

-4-

Defendant has:

      (a)    communicated with a person other than the consumer for the purpose of acquiring location information about the consumer in a manner which contravenes 15 U.S.C. §1692b(1) and (3);

      (b)    communicated with a third party other than the consumer in violation of 15 U.S.C. §1692c; and

      (c)    engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d.

28.    Pursuant to 15 U.S.C. §1692k, Ms. Johnson is entitled to recover statutory and actual damages, together with court costs and reasonable attorneys fees.

29.    Ms. Johnson has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Crystal Johnson, an individual, demands judgment against Defendant, Sullivan, Dupre and Aldous, LLC, a Louisiana limited liability company, doing business as "SDA & Associates," for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Crystal Johnson, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

-5-

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
E-mail:rpyu@aol.com